**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>HUGO TREJO-CHAVEZ,<br><br>    Defendant. | **No. 10-CR-4037-DEO**<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION CONCERNING GUILTY PLEA** |

## I. INTRODUCTION AND BACKGROUND

On June 16, 2010, a four count Superseding Indictment (Docket No. 20) was returned in the above-referenced case.

Count 1 of the Superseding Indictment charges that on about April 29, 2010, in the Northern District of Iowa, defendant, Hugo Trejo-Chavez, an alien citizen of Mexico, was found knowingly and unlawfully in the United States after having been previously removed from the United States to Mexico on about September 12, 2005. Defendant did not obtain the express consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, United States Code, Section 202(3) and (4) and Section 557), to reapply for admission into the United States prior to re-entering the United States.

This was in violation of Title 8, United States Code, Section 1326(a).

Count 2 of the Superseding Indictment charges that on about October 14, 2008, in the Northern District of Iowa, defendant, Hugo Trejo-Chavez did knowingly, and with the intent to engage unlawfully in employment in the United States, make a false statement and claim to be a citizen or national of the United States. In the course of applying for employment, defendant checked a box on an immigration form I-9 to claim he was a "citizen or national of the United States," when in truth and in fact defendant knew he was a citizen of Mexico and not a citizen or national of the United States.

This was in violation of Title 18, United States Code, Section 1015(e).

Count 3 of the Superseding Indictment charges that on about October 14, 2008, in the Northern District of Iowa, defendant, Hugo Trejo-Chavez, for the purpose of obtaining employment, with the intent to deceive, did falsely represent a social security account number with the last four digits "2974" to be the account number assigned to him by the Commissioner of Social Security, when in fact that number had

not been assigned to him by the Commissioner of Social Security. Defendant represented the social security account number with the last four digits "2974" to be his number in the course of applying for a job in Sioux City, Woodbury County, Iowa.

This was in violation of Title 42, United States Code, Section 408(a)(7)(B).

Count 4 of the Superseding Indictment charges that on about October 14, 2008, in the Northern District of Iowa, defendant, Hugo Trejo-Chavez did knowingly possess one or more document(s) prescribed by statute or regulation as evidence of authorized employment in the United States, to wit, a social security card in the name of "Juan C. Martinez" bearing the last four digits "2974," and a Texas Identification Card in the name of "Juan Carlos Martinez" bearing the last four digits "1178," which documents defendant knew had been forged, counterfeited, falsely made, and otherwise unlawfully obtained.

This was in violation of Title 18, United States Code, Section 1546(a).

On July 6, 2010, defendant Hugo Trejo-Chavez appeared before Chief United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Counts 1, 2, 3, and 4 of the Superseding Indictment.

In the Report and Recommendation (Docket No. 31, 07/06/2010), Chief United States Magistrate Judge Paul A. Zoss recommends that defendant Hugo Trejo-Chavez's guilty plea be accepted. No objections to Judge Zoss's Report and Recommendation were filed. The Court, therefore, undertakes the necessary review to accept defendant Hugo Trejo-Chavez's plea in this case.

## II.  ANALYSIS

### A.  Standard of Review

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's

Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

In this case, no objections have been filed, and it appears to the Court upon review of Chief Magistrate Judge Zoss's findings and conclusions that there are no grounds to reject or modify them.

**IT IS THEREFORE HEREBY ORDERED** that this Court accepts Chief Magistrate Judge Zoss's Report and Recommendation (Docket No. 31), and accepts defendant Hugo Trejo-Chavez's plea of guilty in this case to Counts 1, 2, 3, and 4 of the Superseding Indictment (Docket No. 20).

**IT IS SO ORDERED** this 20th day of August, 2010.

_Donald E. O'Brien_
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa